**MARATHON OIL COMPANY, an Ohio corporation, Plaintiff,**

v.

**Bruce BABBITT, Secretary of the United States Department of the Interior; the United States Department of the Interior, and the Bureau of Land Management, Defendants,**

v.

**COLORADO ENVIRONMENTAL COALITION, a non-profit Colorado corporation, and The Wilderness Society, a non-profit District of Colombia corporation, Intervenor–Defendants.**

Civil Action No. 97–AP–266.

United States District Court,
D. Colorado.

June 16, 1997.

---

Craig R. Carver, Alfers & Carver, L.L.C., Denver, CO, for Plaintiff.

Robert D. Clark, Asst. U.S. Atty., Denver, CO, Lyle K. Rising, Office of Regional Solicitor Rocky Mountain Region, U.S. Dept. of Interior, Lakewood, CO, for Defendants.

Munir R. Meghjee, Robert B. Wiygul, Sierra Club Legal Defense Fund, Inc., Denver, CO, for Intervenor–Defendants.

## ORDER ON MOTION TO DISMISS

KANE, Senior District Judge.

Marathon Oil Company asserts the Defendants have breached their legal duties in depriving it of its right to bid competitively on oil and gas lease tracts which ought, under governing law and the Secretary of the Department of Interior's (the "Secretary's") own regulations, to have been offered for sale.

Pending are the Federal Defendants' motion to dismiss and Marathon's brief in support of its right to conduct deposition discovery. I grant the Defendants' motion and therefore do not reach the issue of additional discovery.

The Defendants assert the only way in which Marathon's grievance can be redressed is by this court issuing an order requiring the Secretary to offer the disputed parcels of land for competitive oil and gas leasing under the Mineral Leasing Act of 1920, as amended, 30 U.S.C. § 181 *et seq.* They move to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Marathon lacks standing because this court cannot redress its claim.

The Defendants rely on four recent Tenth Circuit opinions, *Ash Creek Mining Company v. Lujan,* 969 F.2d 868 (10th Cir.1992); *Wyoming ex rel. Sullivan v. Lujan* 969 F.2d 877 (10th Cir.1992); *Mount Evans Company v. Madigan,* 14 F.3d 1444 (10th Cir.1994); and *Baca v. King,* 92 F.3d 1031 (10th Cir. 1996). They assert the Tenth Circuit has repeatedly held in these cases that "federal courts do not have the power to order competitive leasing. By law that discretion is vested absolutely in the federal government's executive branch and not in its judiciary." *See Wyoming,* 969 F.2d at 882.

Marathon argues the Supreme Court opinion in *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), on which the Tenth Circuit relied in the *Ash Creek* and *Wyoming* cases, provides a basis of redressability, notwithstanding the court of appeals' holdings. I disagree. The Court remarked that, where the government action or inaction complained of was directed at a third party not before the court, rather than at the complainant before the court, the complainant's claim would frequently fail for lack of redressability because the court would have no control over the third party as a practical matter. *Id.,* at 561–62, 112 S.Ct. at 2136–37. It was not the Supreme Court's holding, however, that there is a difference between a third party complaining of a government action directed at someone else and a first party directly affected where all the necessary parties are before the court.

For standing purposes, Marathon's position here is indistinguishable from that of the plaintiff in *Ash Creek* who complained about the public land being devoted to some other use due to a previous agreement between the government and several other parties. Likewise, Marathon's status is not dissimilar to that of the plaintiff in *Wyoming,* where the state sought to challenge the Secretary's exchange of federally owned coal in Wyoming

for a conservation easement in a national park.

Nor, for jurisdictional purposes, does Marathon differ from the plaintiff in *Baca,* the most recent of the Tenth Circuit decisions on which the Defendants rely, and which itself cited *Lujan v. Defenders of Wildlife.* *Baca,* a lessee of federal land that the government exchanged for private land in a monument and conservation area, challenged the land exchange which resulted in his loss of grazing privileges. The appeals court cited the statement in *Lujan v. Defenders of Wildlife,* that the constitutional limitation on federal court jurisdiction in Article III requires:

> (1) that the plaintiff "suffered an 'injury in fact' ..." (2) that the injury is " 'fairly ... trac[able] to the challenged action of the defendant ...' "and (3) that it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' "

*Baca,* 92 F.3d at 1035 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. at 560–61, 112 S.Ct. at 2136–37) (citations and some internal quotation marks omitted).

Assuming satisfaction of the first two requirements for standing, Marathon has not shown a "substantial likelihood" that its injury will be redressed by a favorable decision. *See Baca,* 92 F.3d at 1036. Only an order of this court compelling the executive branch to make land available for competitive leasing under the Mineral Leasing Act would likely redress Marathon's claimed injuries. This, I do not have the power to do. I therefore dismiss the case for lack of standing. Accordingly,

IT IS ORDERED THAT the Federal Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED with each party to pay its own costs.