**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARATHON OIL COMPANY, an Ohio
company,

      Plaintiff-Appellant,

v.

BRUCE BABBITT, Secretary of the
United States Department of the Interior;
UNITED STATES DEPARTMENT OF
THE INTERIOR; BUREAU OF LAND
MANAGEMENT,

      Defendants-Appellees,

COLORADO ENVIRONMENTAL
COALITION, a non-profit Colorado
corporation; WILDERNESS SOCIETY, a
non-profit District of Columbia
corporation,

      Defendants-Intervenors-
      Appellees.

No. 97-1254
(D.C. No. 97-AP-266)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **HOLLOWAY**, and **HENRY**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Marathon Oil Company appeals the district court's dismissal of its action filed to obtain an order directing the Secretary of the Interior to restore lands once designated for federal oil and gas leasing but later removed for environmental review. The district court held Marathon lacked standing, having alleged no redressable injury. *Marathon Oil Co. v. Babbitt*, 966 F. Supp. 1024 (D. Colo. 1997). Although the district court's conclusion is unimpeachably supported by a venerable line of Tenth Circuit precedent, Marathon seeks to avoid that authority by recasting this case as an effort to curtail the Secretary's "unlimited power" in executive decision-making. We affirm substantially for the reasons given by the district court.

The district court correctly relied on *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868 (10th Cir. 1992); *Wyoming ex rel. Sullivan v. Lujan*, 969 F.2d 877 (10th Cir. 1992); *Mount Evans Co. v. Madigan*, 14 F.3d 1444 (10th Cir. 1994); and *Baca v. King*, 92 F.3d 1031 (10th Cir. 1996), each holding plaintiffs lacked standing because their injuries were not redressable by a favorable decision. The district court found Marathon's position indistinguishable from that of *Baca*, *Ash Creek Mining*, and *Wyoming* and dismissed the action, notwithstanding Marathon's insistence *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), would permit jurisdiction in its case.

On appeal, Marathon argues the district court did not give proper consideration to the facts pled in its complaint or contained in the administrative record, all of which must

be construed in plaintiff's favor. Marathon insists "the facts pled by Marathon establish that Marathon's injury will 'likely' be redressed by a declaration of the challenged policy's illegality."

The crux of Marathon's argument is the district court applied the wrong redressability test, albeit derived from our cases, but ignorant of Justice Scalia's plurality opinion in *Defenders of Wildlife,* as fully refined and articulated in the unanimous holding of *Bennett v. Spear*, 520 U.S. 154, 117 S. Ct. 1154 (1997). Marathon urges *Defenders* and *Bennett* have articulated a less stringent redressability test which does not require as direct an injury to establish standing as our prior cases have dictated. We disagree.

Both *Defenders* and *Bennett* are Endangered Species Act (ESA) cases in which the Court sought to delimit the standing provision within that statutory scheme. In *Defenders,* noting standing requirements are "not mere pleading requirements but rather an indispensable part of the plaintiff's case," 112 S. Ct. at 2136, each element requiring support in the same way as plaintiff would bear any other burden of proof, the Court also observed the burden is different when plaintiff is himself the object of the injury and when "plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else*, much more is needed." *Id.* at 2137. The court concluded plaintiffs could not establish injury because even if the district court had issued the orders requested, they would not have bound other agencies involved in the

alleged illegal action.  In that case, only the various funding agencies could ultimately implement the order, and none was a party to the action or provided enough funding in any case.  We agree with the district court's conclusion this case is inapposite.

*Bennett*, again addressing the particular facts presented under the ESA's standing provision, held that injuries alleged by two Oregon irrigation districts and operators of two ranches within the districts were within the ESA's zone of interest permitting citizen suits.  The harm alleged in *Bennett* was economic, deriving from a challenge to the Secretary's restricting water flows essential to their operations but harmful to the Lost River Sucker and Shortnose Sucker.  The Court read broadly the "any person" threshold for standing under the ESA, permitting those challenging and those protecting an environmental action to be viewed within the same zone of interest.  Given plaintiffs' allegations, the Court found the injury alleged was fairly traceable to the agency's action. Because of the absence of economic harm in this case, however, we believe *Bennett* is not germane.

The jurisprudence of standing "is a highly case-specific endeavor, turning on the precise allegations of the parties seeking relief."  *Wyoming*, 969 F.2d at 882.  We are satisfied, however, this case falls in step with its Tenth Circuit precursors.  ***See also State***

*of Utah v. Babbitt*, 137 F.3d 1193 (10th Cir. 1998).

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge